Lamneck, J.,
concurring. A will during the testator’s lifetime is ambulatory and may be revoked, superseded or altered by his own free and rational act or by changed conditions and circumstances of the testator.
A revocation may be accomplished in whole or in part in two ways:
(1) By the testator’s direct act.
(2) By a revocation implied by law arising from the indirect acts or conduct of the testator or from changed conditions or circumstances of the testator subsequent to the execution of his will.
Under Section 10504-47, General Code (Section 2107.33 Revised Code), a testator may directly revoke a will in toto by personally tearing, cancelling, ob- *415 ¡iterating or destroying it with intention to revoke it or by having it done by another in his presence or at his express direction. He may directly revoke a will by making a new one.
He may partially revoke an existing will directly by executing a codicil. There can be no partial revocation by tearing, cancelling, obliterating or destroying.
There may also be a partial revocation effected by the indirect acts of a testator or by changed conditions or circumstances arising subsequent to execution. Some of these are expressly provided by statute. Thus there may be a partial revocation by subsequent marriage, the birth of a child or children after the execution of a will (Section 10504-49, General Code, Section 2107.34, Revised Code), or alteration in the testator’s estate (Sections 10504-50, 10504-51 and 10504-52, General Code, Sections 2107.35 and 2107.36, Revised Code).
There may be other partial revocations that are not expressly covered by statutory law but which arise by inference from changed conditions or circumstances of a testator after execution of his will. Section 10504-47, General Code, Section 2107.33, Revised Code, expressly provides that “nothing herein contained shall prevent the revocation implied by law, from subsequent changes in the condition or circumstances of the testator.”
Section 10504-47, General Code, Section 2107.33, Revised Code, was intended to include revocations implied by the rules of common law. If such revocations were limited to express statutory law, then the term, “nothing herein contained shall prevent the revocation implied by law,” would be mere surplusage and meaningless.
An absolute divorce after the execution of a will is certainly a change in the condition or circumstances of the testator. If a divorce decree fixes and deter *416 mines the reciprocal property rights of the parties, they become strangers to each, other, and neither owes the other any further duty.
The natural inference, arising from such changed relationships which bar each of the parties from all rights or interests in the property of the other, is that they cause a revocation of any existing clause or clauses in a will of either party in favor of the other executed during the marriage relationship.
As stated in Charlton v. Miller, Admr., 27 Ohio St., 298, 22 Am. Rep., 307, a mere divorce decree does not of itself revoke the will of a husband or wife made in favor of the survivor. But the great weight of authority holds that there is an implied revocation of a devise or bequest in a prior will executed during mar- ' riage in favor of a divorced spouse, where the divorce decree is coupled with a settlement of all property rights. See 57 American Jurisprudence, 370, 37Í, Sections 535, 536.